UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DE'BEY ON HIS OWN BEHALF
AND ON BEHALF OF HIS MINOR
CHIDLREN K.A., A.A., AND K.S.A.,

                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, ET AL.,

                                    Defendants.

---

22-CV-1580 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

Plaintiff John De'Bey, who is proceeding *pro se*, paid the filing fees to commence this action. For the reasons set forth below, the Court dismisses without prejudice claims brought on behalf of Plaintiff De'Bey's minor children, directs the Clerk of Court to issue summonses as to the named defendants, and directs the New York City Administration for Children's Services (ACS) and the New York City Police Department (NYPD) to assist Plaintiff in identifying the John and Jane Doe defendants.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks

omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

### A.      Claims on Behalf of Minor Children

The Court must dismiss any claims Plaintiff De'Bey purports to be asserting on behalf of his minor children. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).  A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009); *Fauconier v. Comm. on Special Educ.*, 2 Civ. 1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61).

Plaintiff has alleged no facts suggesting that he is an attorney. He cannot, therefore, assert any claims on behalf of other individuals, including his minor children. The Court therefore

dismisses without prejudice any claims Plaintiff is asserting on behalf of Plaintiff's minor children.

**B.     Service on Named Defendants**

The Clerk of Court is directed to issue summonses as to Defendants City of New York, David Hansell, Emily Lovejoy, Jessica Thomas, Mubanga Nsofu, Conrad Sievwright, the New York Foundling, Metropolitan Health + Hospitals, Alison Baxter, Pamela Scheininger, Jessica Cabrera, and Officer Rodriguez. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**C.     *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit ACS and the NYPD to identify the John and Jane Doe ACS workers and the two John Doe NYPD officers described in the complaint. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of ACS and NYPD, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to

this order. Once Plaintiff has filed an amended complaint, the Court will issue an order directing the Clerk of Court to issue summonses to Plaintiff for service on the named John or Jane Doe defendants.

## CONCLUSION

The Court dismisses without prejudice any claims Plaintiff is asserting on behalf of Plaintiff's minor children.

The Clerk of Court is directed to issues summonses as to City of New York, David Hansell, Emily Lovejoy, Jessica Thomas, Mubanga Nsofu, Conrad Sievwright, the New York Foundling, Metropolitan Health + Hospitals, Alison Baxter, Pamela Scheininger, Jessica Cabrera, and Officer Rodriguez.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, New York, 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   March 3, 2022
         New York, New York

 

_____
            EDGARDO RAMOS
        United States District Judge